IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 21-cv-00884-CMA-STV

BRUCE ELLSWORTH,

    Plaintiff,

v.

HOME DEPOT USA INC., and
TRICAM INDUSTRIES, INC.,

    Defendants.

## ORDER DENYING MOTION TO REMAND

This matter is before the Court on Plaintiff's "Objection to Removal of State Court Action" (Doc. # 10), which the Court construes as a motion to remand. ("Motion"). The Motion is denied for the following reasons.

### I.    BACKGROUND

This is a product-liability case. Plaintiff alleges that he was injured when a ladder he was using collapsed beneath him. (Doc. # 5, ¶¶ 13-14). The ladder was allegedly manufactured by Tricam Industries, Inc. and sold by Home Depot USA Inc. (Doc. # 5, ¶ 13). Plaintiff is now suing Tricam and Home Depot, alleging negligence, breach of warranty, and strict liability. (Doc. # 5, ¶¶ 46-72). Plaintiff initially filed this lawsuit in state court before Defendants removed it to this Court on grounds of diversity jurisdiction.

Plaintiff now objects to removal. Under 28 U.S.C. § 1446, a defendant may not remove a case on diversity grounds unless the amount in controversy exceeds $75,000. Plaintiff argues that the amount in controversy is less than $75,000, and that this Court therefore lacks jurisdiction to hear the case. (Doc. # 10). Defendants counter that Plaintiff's pleadings and settlement demand show that the amount in controversy exceeds $75,000. (Doc. # 15). The Court agrees with Defendants.

## II. LEGAL STANDARD

"[A] defendant seeking to remove a case to a federal court must file in the federal forum a notice of removal 'containing a short and plain statement of the grounds for removal.'" *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014) (quoting 28 U.S.C. § 1446(a)). When removal is based on diversity of citizenship, the notice must allege that the amount in controversy exceeds $75,000. 28 U.S.C. § 1446(c)(2)(B); *Dart Cherokee Basin*, 574 U.S. at 83–84.

"[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold," and "the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff." *Dart Cherokee Basin*, 574 U.S. at 87, 89. However, if "the plaintiff contests, or the court questions, the defendant's allegation," the defendant must prove the amount in controversy by a preponderance of the evidence. *Id.* at 89; 28 U.S.C. § 1446(c)(2)(B). There are several ways to meet this burden, including offering admissions the plaintiff made in state court; calculating the amount in controversy based on the types of damage alleged; or "by reference to the plaintiff's informal estimates or settlement

demands." *McPhail v. Deere & Co.*, 529 F.3d 947, 954 (10th Cir.2008) (quoting *Meridian Security Ins. Co. v. Sadowski*, 441 F.3d 536, 541-42 (7th Cir. 2006)).

### III.     ANALYSIS

As an initial matter, Plaintiff has failed to properly challenge removal. Plaintiff's argument against removal is exactly two sentences long: "The Plaintiff, Bruce Ellsworth, objects to the removal of the state court action because the amount in controversy is less than 75,000.00. Please see paragraph 9 of Plaintiff's Amended Complaint." (Doc. # 10). Paragraph 9 of the Amended Complaint reads, in its entirety: "The amount in controversy is less than $75,000." (Doc. # 5). This argument does not plausibly establish the amount in controversy.

"[W]hen a defendant's assertion of the amount in controversy is challenged . . . both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Dart Cherokee Basin*, 574 U.S. at 88 (citing § 1446(c)(2)(B)). Plaintiff, however, provides no proof of the amount in controversy; he simply cites his own conclusory allegation that "[t]he amount in controversy is less than $75,000." (Doc. # 10). This statement is not sufficient to challenge jurisdiction.

Furthermore, even if this Court were to accept Plaintiff's threadbare argument as a proper jurisdictional challenge, that challenge would nevertheless fail because Defendants have demonstrated, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.

3

Defendants point to two pieces of evidence to show that the amount in controversy exceeds $75,000: (1) the case cover sheet Plaintiff filed in state court, which states that the amount in controversy exceeds $100,000 (Doc. # 1-4); and (2) Plaintiff's $125,000 settlement demand (Doc. # 1-9). (Doc. # 15, ¶ 6). Both of these documents plausibly establish an amount in controversy greater than $75,000.

The cover sheet, which Plaintiff filed in state court along with his Complaint, states that Plaintiff is seeking more than $100,000 in damages: "This party is seeking a monetary judgment against another party for more than $100,000.00, including any penalties or punitive damages, but excluding attorney fees, interest and costs." (Doc. # 1-4, p. 2). Plaintiff's counsel signed and certified the cover sheet, stating: "based upon information reasonably available to me at this time, I certify that the value of this party's claims against one of the other parties is reasonably believed to exceed $100,000." (Doc. # 1-4, pp. 2-3). "[A] Colorado civil cover sheet constitutes adequate notice of the amount in controversy." *Estrada v. Martin Marietta Materials, Inc.*, No. 20-CV-00375-REB-SKC, 2020 WL 1303287, at *2 (D. Colo. Mar. 19, 2020), (citing *Paros Properties, LLC v. Colo. Casualty Ins. Co.*, 835 F.3d 1264, 1272 (10th Cir. 2016)). Further, "recent decisions from district courts in Colorado have found the representations of the Civil Cover Sheet sufficient to support removal." *Id.* Therefore, the representations in Plaintiff's cover sheet constitute convincing evidence that the amount in controversy exceeds $75,000.

Further, Plaintiff's counsel represented in a settlement demand letter that Plaintiff was seeking $125,000 to settle the case out of court. (Doc. # 1-9, p. 9). "[A] plaintiff's

proposed settlement amount is relevant evidence of the amount in controversy," and "it is permissible for a district court to consider settlement offers when deciding the jurisdictional question." *McPhail*, 529 F.3d at 956 (internal quotation omitted). Thus, Plaintiff's settlement demand also suggests that the amount in controversy exceeds $75,000.

Taken together, the civil case cover sheet and Plaintiff's settlement demand establish, by a preponderance of the evidence, that the amount of controversy exceeds $75,000. Therefore, this Court has jurisdiction over the matter pursuant to 28 U.S.C. § 1446.

## IV. <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff's Motion (Doc. # 10) is DENIED.

DATED: May 25, 2021

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge